## CAMPFIELD v. JOHNSON.

1. In an action of trespass quare clausum fregit, brought in this court after plea of title before justice, defendant cannot plead *not guilty*, or *leave and license*, those pleas will be struck out upon motion and he will be confined to his plea of title.

2. The plea of title in such case is not confined to a freehold title, or *liberum tenementum*, but may be of a possessory or leasehold right, or any *right* to enter and have possession.

3. Justices' jurisdiction extends only to try the fact of possession, but not the right of possession.

On motion to strike out pleas.

Campfield having sued Johnson in an action of trespass *quare clausum fregit* in the court for the trial of small causes, the defendant pleaded title to the *locus in quo* and gave bond pursuant to the statute in such case made and provided.

Thereupon the plaintiff commenced his action in this court for the same trespass. To this action the demandant pleaded

1st. Not guilty.

2d and 3d. That all the right, title and interest of the plaintiff in the premises in question, were sold by the sheriff of the county of Morris to the defendant, under and by virtue of an alias writ of *fieri facias de bonis et terris* issued out of the court of Common Pleas of the county of Morris against the plaintiff, and conveyed in pursuance of said sale by deed dated the 29th of March 1845, with an averment of title in Campfield by virtue of a lease for years from Sarah Ford, and that the term was in existence at the time of the execution, levy and sale, and had not expired at the time of the alleged trespass.

The 4th plea is similar to the 2d and 3d, with the further averment that Sarah Ford leased to Campfield for the term of ten years, commencing on the 18th of May 1835—That Campfield underlet to Alfred Ford for the term of eight years, commencing on the 1st day of April 1837—that upon the expiration of Ford's lease, defendant entered upon the premises in question under his title acquired from the sheriff—which are the supposed trespasses complained of in the plaintiff's declaration.

5th. Leave and license.

Argued before GREEN, C. J. and CARPENTER, J. by John Chetwood for motion, and Whelpley, contra.

Opinion of the court delivered by

GREEN, C. J.   The plaintiff now moves to strike out all the plea as improperly and irregularly pleaded—the defendant being confined, it is insisted by the terms of the statute, to the strict plea of title.

The first and fifth pleas being the general issue, and leave and license are improperly pleaded, and must be struck out.   It has been repeatedly held in this court, that upon a plea of title before the justice, and a suit commenced for the same cause of action, pursuant to the provisions of the statute, in this court, the defendant must here rely for his defence upon title only.   *Westervelt* v. *Marinus*, 2 *Penn*. 693; *Appleby* v. *Obert*, 1 *Harr*. 336; *Snedicker* v. *White*, 6 *Halst*. 87; *Ellett & Boyce* v. *Pullen*, 7 *Halst*. 357.

The recent case of *Phillips* v. *Kent*, decides merely that the defendant is not restricted in his defence in this court to the *same title* pleaded before the justice, but does not authorize his having recourse to any other plea than to that of title.

The second, third, and fourth pleas are substantially each in itself a justification of the trespass under the defendant's title as tenant for a term of years.   The validity of the plea in itself considered, is not impeached upon this motion, nor is it denied that if admissible under the provisions of the statute, it may form a valid defence to the action.   The ground of objection to each plea is, that it is neither technically, nor within the contemplation of the statute, a plea of title.   It is obviously not a plea of title, in the strict and technical sense of the term.   It sets up no right of freehold either in the defendant, or in any other person; and if in contemplation of the statute a plea of *liberum tenementum* is required at the hands of the defendant, then clearly, these pleas are improperly pleaded.

The statute declares that the jurisdiction of the justice shall not extend " to any action wherein the title to any lands, tenements, hereditaments, or other real estate shall or may in any wise come in question.   *R. S.* 230 § 1.

Campfield v. Johnson.

It further directs, that when in any action brought by virtue of the act, "the defendant shall, as a justification, plead title to any real estate in himself, or in another," he shall commit the said plea to writing, and the same being signed and counter-signed in the manner prescribed by the act, the plaintiff may thereupon commence his action in the Supreme Court. *Rev. Stat.* 241, § 40.

The statute, both in limiting the jurisdiction of the Justice, and in prescribing the mode of proceeding, uses simply the phrase "title to real estate." It draws no distinction between freehold and leasehold estate, but uses the term in its broadest and most unlimited sense.

"Title," says Sir Edward Coke, "is when a man hath law-ful cause of entry into lands whereof another is seised. It sig-nifies the means whereby a man comes to his lands or tene-ments." "The word title includes that right, but is the more general word." Title is generally applied to signify the right to land and real effects. It is the right of possession or of pro-perty in lands, as distinguished from the actual possession, and it is precisely in this sense that the word appears to have been used in the statute now under consideration. The right to try actions concerning real estate, involving the mere fact of posses-sion, is vested in the court for the trial of small causes. But the statute excludes from its jurisdiction all cases where either in the support of the action, or in the maintenance of the de-fence, any right or title is involved other than the naked fact of possession.

It has accordingly been held that if the plaintiff in an action of trespass is necessarily required to offer any evidence of right or title to the premises in question, and cannot maintain his action upon the mere proof of possession, the court for the trial of small causes has no jurisdiction of the case. But on the other hand, if the plaintiff in support of his action need show no more than the mere fact of possession, the action is cogniza-ble before a justice, although the wrong complained of be a per-manent injury to the freehold. *Gregory* v. *Kanouse*, 6 *Halst.* 62.

Vol. I.                    F

So an action of trespass for mesne profits, after a recovery in ejectment, is not cognizable before a justice of the peace, although proof of a recovery in ejectment, or of a mere possessory title is sufficient to sustain the action. *Pickle* v. *Covenhoven,* 1 *South.* 319.

In *Randolph* v. *Montfort,* 1 *Harr.* 226, it was held that a claim to a way was not within the jurisdiction of the court for the trial of small causes, and that the defendant could not in that tribunal attempt the justification of a trespass by proving a right of way over the *locus in quo.* The court say that "a way is a hereditament, and if the defendant meant to insist upon any right or title thereto, for justification of what is prima facie a trespass, he should have pleaded his title or right of way in law. We allow a justice to try the question of possession merely of corporeal hereditaments, but beyond this we have not gone. For this there is a good reason, as possession can be proved by parol; it is a matter of fact merely."

Inasmuch then as the second, third and fourth pleas seek to justify the trespass charged in the declaration, by setting up a right or title in the defendant, though it be but a possessory right to the *locus in quo.* · I am of opinion that they amount, in contemplation of the statute, to pleas of title; and that the motion, so far as it relates to these three pleas, must be denied.

CARPENTER, J. concurred.

*John Chetwood,* for plaintiff in support of motion.

*Whelpley,* for defendant contra.

CITED *in Brain* v. *Snyder,* 1 *Vr.* 57; *Dickerson* v. *Wadsworth,* 4 *Vr.* 360; *Hawk* v. *Segraves,* 5 *Vr.* 356.